UNITED STATES of America

v.

Manuel LOPEZ–FLORES.

No. EP–84–CR–133.

United States District Court,
W.D. Texas,
El Paso Division.

Sept. 24, 1984.

Michael McDonald, Asst. U.S. Atty., El Paso, Tex., for plaintiff.

Richard P. Mesa, El Paso, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

HUDSPETH, District Judge.

The indictment in this case charges Defendant Manuel Lopez-Flores with a substantive violation of 18 U.S.C. § 875(a) and a conspiracy to violate the same statute. Each count of the indictment, a copy of which is attached as an appendix to this order, alleges that the Defendant participated with one Castulo Fontes and other unknown persons in the transmission in foreign commerce from Chihuahua, Mexico, to the State of Texas certain telephone communications demanding the sum of $12,000 as ransom and reward for the release of a kidnapped person named Benito Chavez-Urias. The Defendant has moved to dismiss the indictment, contending that it fails to state an offense.

Title 18, United States Code, Section 875(a) provides in its entirety as follows:

"Whoever transmits in interstate commerce any communication containing any demand or request for a ransom or reward for the release of any kidnapped person shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

The term "interstate commerce" is not defined in the present version of Section 875(a). When the statute was first enacted in 1934, however, it defined interstate commerce as including "communication from one State, Territory, or the District of Columbia to another State, Territory or the District of Columbia." (May 18, 1934, ch. 300, 48 Stat. 781, 18 U.S.C. § 408d). When the statute was amended in 1939 (May 15, 1939, ch. 133 § 2, 53 Stat. 743, 18 U.S.C. § 408d), the definition of interstate commerce was continued without change. In 1948, the statute was revised and codified as 18 U.S.C. § 875(a) in the course of a general codification of the Criminal Code. The Reviser's Note on the new 18 U.S.C. § 875 states:

"Definition of 'interstate commerce' was omitted in conformity with definition Section 10 of this title." H.Rep. No. 304, 80th Cong. 1st Sess., p. A73 (1947).

The definition of interstate commerce in Title 18, United States Code, Section 10 has continued unchanged to this day. That definition reads as follows:

"The term 'interstate commerce' as used in this title includes commerce between one State, Territory, Possession or the District of Columbia, and another State, Territory, Possession or the District of Columbia."

It is highly significant that the second paragraph of 18 U.S.C. § 10 defines the term "foreign commerce" to mean "commerce with a foreign country."

The foregoing discussion makes it clear that the motion to dismiss the indictment in this case should be granted. The indictment in the instant case alleges that the communication demanding ransom or reward was transmitted in foreign commerce from Chihuahua, Mexico to the State of Texas. Not only does it fail to allege any

transmission in "interstate commerce"; its affirmative allegations establish that the alleged transmission was in "foreign commerce." Clearly, Congress could have made such a transmission a crime, but just as clearly it did not do so in 18 U.S.C. § 875(a). The indictment in this case fails to state an offense, and the Defendant's motion to dismiss it should be granted.

It is therefore ORDERED that the Defendant's motion to dismiss the indictment in the above-styled and numbered cause for failure to state an offense be, and it is hereby, GRANTED.

It is further ORDERED that the indictment be, and it is hereby, DISMISSED.

## APPENDIX

## SUPERSEDING INDICTMENT

(VIO: 18 U.S.C. §§ 371 & 875(a)—Conspiracy to Transmit in Foreign Commerce a Demand for Ransom; 18 U.S.C. §§ 875(a) and 2—Aiding and Abetting)

THE GRAND JURY CHARGES:

## FIRST COUNT

(18 U.S.C. § 371 & 18 U.S.C. § 875(a))

That commencing on or about June 30, 1984, and continuing thereafter, up to and including on or about July 7, 1984, in the Western District of Texas, Defendant,

## MANUEL LOPEZ–FLORES,

wilfully, knowingly and unlawfully conspired, combined, confederated, and agreed with Castulo Fontes, named as co-conspirator, but not as Defendant herein, and with others to the Grand Jury unknown, to commit an offense against the United States, in violation of Title 18, United States Code, Section 371, that is to say, to transmit and cause to be transmitted, in foreign commerce, from Chihuahua, in the Republic of Mexico, to the State of Texas, telephone communications, which said communication contained a demand and request for $12,-000.00, as ransom and reward for the release of Benito Chavez-Urias, who had been kidnapped and was then being held for ransom and reward, in violation of Title 18, United States Code, Section 875(a), and pursuant to, in furtherance of, and to effect the objects of their said conspiracy, they committed, among others, the following overt acts:

1. On or about June 30, 1984, unknown co-conspirators took Benito Chavez-Urias from his home in El Mulato, Chihuahua, Mexico.

2. On or about July 2, 1984, Castulo Fontes telephoned Juan Urias in Odessa, Texas, and told him that his father, Benito Chavez-Urias, had been kidnapped and would be killed unless $12,000.00 ransom was paid.

3. On or about July 6, 1984, an unknown co-conspirator telephoned Ramon Urias and arranged for the payment of the ransom in El Paso, Texas, for the release of Benito Chavez-Urias.

4. On or about July 7, 1984, an unknown co-conspirator telephoned Martha C. Urias in Odessa, Texas, from Chihuahua, Mexico, and was told where to contact Ramon Urias in El Paso, Texas.

5. On or about July 7, 1984, the Defendant met Ramon Urias in El Paso, Texas, and was given the ransom as previously arranged in a telephone conversation with Ramon Urias.

## SECOND COUNT

(18 U.S.C. § 875(a) & 18 U.S.C. § 2)

That on or about July 7, 1984, in the Western District of Texas, Defendant,

## MANUEL LOPEZ–FLORES,

knowingly and wilfully aided and abetted, counseled, committed, induced, and procured the commission of an offense against the United States, that is to say, he aided and abetted individuals to the Grand Jury unknown to transmit, and cause to be transmitted, with intent to extort money, in foreign commerce, from Chihuahua, in the Republic of Mexico, to the State of Texas, telephone communications, which communications contained a demand and request for

$12,000.00, as ransom and reward for the release of Benito Chavez-Urias, who had been kidnapped and was then being held for ransom and reward, in violation of Title 18, United States Code, Section 875(a).

A TRUE BILL.