925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Luis SANCHEZ, Defendant/Appellant.
 No. 89-2674.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided Feb. 15, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Luis Sanchez was tried on a four-count indictment: Count One charging him with conspiracy to affect commerce by extortion, 18 U.S.C. Sec. 1951; Count Two charging interstate transportation to facilitate extortion, 18 U.S.C. Secs. 1952 and 2; Count Three charging use of firearms during a crime of violence, 18 U.S.C. Secs. 924(c)(1) and 2; and Count Four charging interstate communication of a demand for ransom, 18 U.S.C. Secs. 875(a) and 2. A jury found him guilty on all four counts. After denying his motion for acquittal, or, in the alternative, for a new trial, the district court sentenced Sanchez to a term of 132 months in prison followed by a three-year term of supervised release. In this direct criminal appeal, Sanchez asks this court to reverse the conviction for Count Three and to remand for resentencing on the other counts according to proper sentencing procedures.
 
 I. BACKGROUND
 
 2
 This case centers around the kidnapping of Howard Richardson, who was abducted at gunpoint by codefendants Juan Rivera and Edwin Cubero, but not Sanchez. Sanchez telephoned Howard Richardson's nephew, James Richardson, a resident of Kentucky, and threatened to kill the uncle if the nephew did not pay money owed to one of the codefendants as a result of a drug transaction. The nephew testified that he brought $161,000 to Chicago, and then Howard Richardson was released. Sanchez claimed that his role was only to pick up the ransom money, under the impression that it was just another marijuana debt.
 
 
 3
 The government's evidence consisted of a variety of physical evidence as well as testimony from Howard and James Richardson, several F.B.I. agents, Rivera, and Cubero. Sanchez did not testify himself, but called Dennis Rodriguez to testify on his behalf. Rodriguez claimed that while incarcerated with Rivera and Cubero at the Metropolitan Correctional Center, he had a conversation with them in which they admitted that they were lying about Sanchez in order to make a deal with the government.
 
 II. ANALYSIS
 A. Use of Perjured Testimony
 
 4
 Sanchez argues that he was denied due process as to Count Three (use of a firearm during a crime of violence) because the government knowingly used the perjured testimony of Rivera and Cubero. Sanchez claims that once the government became aware of their "lie" through Rodriguez's testimony, the government had a duty to inquire into the testimony of their two witnesses.
 
 
 5
 To begin with, Sanchez did not raise the issue of perjured testimony below and therefore has waived it on appeal. United States v. Wynn, 845 F.2d 1439, 1442 (7th Cir.1988). However, if a "plain error"[1] was committed, we must reverse the district court's ruling. Fed.R.Crim.P. 52(b); United States v. White, 903 F.2d 457, 466 (7th Cir.1990). Under a plain error inquiry, a Court of Appeals may only correct " 'particularly egregious errors' ... those errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings....' " United States v. Dweck, 913 F.2d 365, 370 (7th Cir.1990) (quoting United States v. Young, 470 U.S. 1, 15 (1985). Knowing use of perjured testimony by the government constitutes a denial of due process because such a deliberate deceit to the court violates the "rudimentary demands of justice." United States v. Kaufmann, 783 F.2d 708, 709 (7th Cir.1986). To reverse a conviction on the basis of perjured testimony, Sanchez must establish that: 1) the government used perjured testimony in its case; 2) the government knew or should have known that the testimony was perjured; and 3) it was likely that the jury's judgment was affected by the perjured testimony. United States v. Douglas, 874 F.2d 1145, 1159 (7th Cir.1989).
 
 
 6
 Sanchez claims that, once Rodriguez testified, the government was on notice that Rivera and Cubero were lying and therefore had a duty to correct the false testimony.[2] However, the testimony of Rivera and Cubero was corroborated by the testimony of other witnesses and by the physical evidence, whereas Rodriguez's testimony stood alone. Inconsistent testimony does not prove that the government presented perjured testimony. United States v. Sherlock, 865 F.2d 1069, 1082 (9th Cir.1989). Moreover, it is the function of the jury to resolve evidentiary conflicts, Smalley v. United States, 798 F.2d 1182, 1186 (8th Cir.1986), and to determine the credibility of witnesses. United States v. Noble, 754 F.2d 1324, 1332 (7th Cir.1985).
 
 B. Sentencing Procedures
 
 7
 Sanchez next claims that the sentencing judge did not make findings of fact and conclusions of law, and, for that reason, his case should be remanded for resentencing. Sanchez does not specify how his sentence may have been miscalculated. We affirm the district court's sentence unless we are convinced that a mistake has been committed. United States v. Teta, No. 89-3797, slip op. at 5 (7th Cir. Nov. 28, 1990). Under Federal Rule of Criminal Procedure 32(c)(3)(D), a sentencing judge must make specific findings as to facts that were contested in the presentence report and then attach a record of its findings to the presentence report. United States v. Briscoe, 896 F.2d 1476, 1521 (7th Cir.1990). Our review of a sentence is limited to whether it was " 'imposed in violation of the law,' was 'imposed as a result of an incorrect application of the sentencing guidelines,' or was 'outside the applicable guidelines range, and is unreasonable.' " United States v. Lueddeke, 908 F.2d 230, 235 (7th Cir.1990) (citing 18 U.S.C. Sec. 3742(e), (f)).
 
 
 8
 Sanchez's brief does not clearly state which factual disputes were raised by the parties and which were not resolved. Nor does his brief identify any instance in which the sentencing court failed to make a finding of fact or a conclusion of law. Sanchez did not attach to his brief a copy of the parts of the sentencing transcript or presentence report that he is contesting, despite this court's requirement under Federal Rule of Appellate Procedure 30. United States v. Salva, 894 F.2d 225, 230 (7th Cir.1990); United States v. Miller, 891 F.2d 1265, 1270 n. 5 (7th Cir.1989); United States v. White, 888 F.2d 490, 495-96 (7th Cir.1989). For the first time in his reply brief, Sanchez identified the findings of fact he expected from the district court.[3] Arguments made for the first time in a reply brief are waived. Secon Service Sys. Inc. v. St. Joseph Bank & Trust, 855 F.2d 406, 412 (7th Cir.1988). Moreover, Sanchez did not raise these issues at his sentencing hearing. United States v. Turner, 864 F.2d 1394, 1401 (7th Cir.1989) (arguments not raised before sentencing court are waived). Nevertheless, we have reviewed the record and conclude that the sentence was not "imposed in violation of the law," was not "imposed as a result of an incorrect application of the sentencing guidelines," was not "outside the applicable guideline range," and was not "unreasonable." 18 U.S.C. Sec. 3742(e), (f).
 
 III. CONCLUSION
 
 9
 Sanchez has failed to establish that he was denied due process or to give any valid reason why his case should be remanded for resentencing. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This court has defined "plain error" as one that is "not only palpably wrong but [is] also likely to cause the outcome of the trial to be mistaken." United States v. Kehm, 799 F.2d 354, 363 (7th Cir.1986)
 
 
 [2]
 Sanchez cites Alcorta v. Texas, 355 U.S. 28 (1957) in support of his claim. That case, however, is distinguishable because there the prosecutor was informed by the witness before trial that his previous statements were false and had advised the witness not to volunteer any information
 
 
 [3]
 Sanchez contends that the district court should have made findings of fact regarding the following: 1) that Sanchez had engaged in extortion; 2) the amount of money that was demanded or obtained; 3) what use if any Sanchez made of a firearm; and 4) what degree of injury, if any, was suffered by the victim