**UNITED STATES of America, Appellee,**

v.

**Jairo Leon ESCOBAR–POSADO, also known as Manuel Mache Ciervide, Defendant-Appellant.**

**No. 1284, Docket 96–1609.**

United States Court of Appeals, Second Circuit.

Argued April 16, 1997.

Decided April 23, 1997.

Steven M. Statsinger, The Legal Aid Society, New York City, for Defendant–Appellant.

Paul Weinstein, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

Before: WINTER, CABRANES, and PARKER, Circuit Judges.

PER CURIAM:

Jairo Leon Escobar–Posado appeals from Judge Amon's order sentencing him to 76 months of imprisonment, four years' supervised release, and a $50 special assessment, following his plea of guilty to kidnapping in violation of 18 U.S.C. § 1203(a). Escobar–Posado argues that the district court erred in imposing a six-level enhancement for making a ransom demand, pursuant to United States Sentencing Guidelines § 2A4.1(b)(1). Escobar–Posado claims that the money he demanded as a condition for his hostage's re-

lease was not ransom money because it was money owed to him as a result of a prior drug-related transaction. We disagree.

Escobar–Posado has stipulated to the following facts. In September 1995, two women, identified as Jane Doe # 1 and Jane Doe # 2, were hired by drug traffickers to transport $300,000 from New Jersey to Colombia. On the way to John F. Kennedy International Airport, robbers posing as policemen stopped the two women and took the $300,000 at gunpoint. Several days later, Jane Does # 1 and # 2, as well as Jane Doe # 2's roommate, Jane Doe # 3, were abducted. Over the course of the next week, Escobar–Posado and his two accomplices interrogated and sexually abused the hostages in an attempt to discover the location of the $300,000. Eventually, the abductors released Jane Doe # 2, demanding that she return with the missing $300,000 or else Jane Does # 1 and # 3 would be killed.

Escobar–Posado's claim that this threat did not constitute a ransom demand because Jane Does # 1 and # 2 owed him the missing $300,000 is meritless. Escobar–Posado pleaded guilty to kidnapping Jane Doe # 3. We have found no authority to support the proposition that a demand for money as a condition for the release of the victim is not a "ransom" demand because the money is owed to the kidnapper. The cases he relies on are inapposite. *See Chatwin v. United States,* 326 U.S. 455, 460–61, 66 S.Ct. 233, 235–36, 90 L.Ed. 198 (1946) (holding there was no kidnapping where facts did not prove that allegedly kidnapped minor was held against her will); *United States v. Heller,* 579 F.2d 990, 994–98 (6th Cir.1978) (defining the elements of 18 U.S.C. § 875(a), but not § 1203(a); 18 U.S.C. § 875(a) prohibits interstate threats that demand a ransom or reward for release of a kidnapped person).

Guidelines § 2A4.1(b) does not define "ransom", and there is nothing in the word's ordinary usage—a "consideration paid or demanded for the redemption of a captured person"—that precludes a ransom from consisting of a demand for a sum that the kidnapper believes is owed to him. *See Webster's Third New International Dictionary* 1881 (1981). We thus find that Escobar–

Posado's actions fell well within the meaning of a ransom demand: he threatened to kill hostages Jane Does # 1 and # 3 unless Jane Doe # 2 procured $300,000 for their release.

Finally, neither logic nor policy supports appellant's position. We provide formal, peaceful means for legitimate debts to be collected in part at least so that resort to force can be prohibited. The fact that appellant's claim for the money was not legitimate—the debt was clearly not a lawful one—hardly justifies the use of force.

We therefore affirm.