NUMBER 13-97-657-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


RICHARD BRODIE, JR. , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the 214th District Court

of Nueces County, Texas.


____________________________________________________________________



O P I N I O N


Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez




 Appellant, Richard Brodie, was indicted for murder (1) in the beating death of Vernon Friar. Several persons, including
appellant, beat Friar with their fists, feet, a board, glass bottles, and a brick; and at least one person drove over him with a
vehicle. A jury found Brodie guilty and assessed punishment at twenty-five years in prison. We affirm.

 In a single point of error, appellant asserts the trial court erred in refusing to instruct the jury on the theory of "independent
impulse."

 "'Independent impulse' embraces the theory that the accused, although admittedly intent on some wrongful conduct, did not
contemplate the extent of criminal conduct actually engaged in by his fellow conspirators, and thus cannot be held
vicariously responsible for their conduct." Fincher v. State, 980 S.W.2d 886, 888 (Tex. App.--Fort Worth 1998, no pet.)
(citing Mayfield v. State, 716 S.W.2d 509, 513 (Tex. Crim. App. 1986)). "Independent impulse" operates as a defense to
the State's theory of accomplice liability. Id.

 The penal code provides: 

 (a) A person is criminally responsible for an offense committed by the conduct of another if:



 * * *



 (2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense; or



 * * *



 (b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the
conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the
offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of
the carrying out of the conspiracy. 



Tex. Pen. Code Ann. § 7.02 (Vernon 1994) (emphasis added).

 The court of criminal appeals has held that where the evidence raises a question as to whether the offense committed was
in furtherance of the object offense, or was one that the accused should have anticipated, a requested instruction on
"independent impulse" should be submitted to the jury. See Mayfield, 716 S.W.2d at 515. However, "when a refused
charge [instruction] is adequately covered by the charge given, no harm is shown." Fincher, 980 S.W.2d at 888; see also
Davis v. State, 651 S.W.2d 787, 792 (Tex. Crim. App. 1983).

 Here, in addition to instructing the jury that it could find appellant guilty as a principal, the charge permitted the jury to
find appellant guilty of murder if it found that one or more of appellant's accomplices killed Friar and that appellant:

 . . . then and there knew of the intent, if any, of said Joseph Filmore or Ronald Davison or Jeffery Davis or J.R. Monzon, to
hit him with a brick, or hit him with a piece of wood, or hit him with his hand, or hit him with his feet, or drive over him
with an automobile and kill the said Vernon Friar AND Defendant acted with intent to promote or assist the commission of
the offense by Joseph Filmore or Ronald Davison or Jeffery Davis or J.R. Monzon, by soliciting, encouraging, directing,
aiding, or attempting to aid Joseph Filmore or Ronald Davison or Jeffery Davis or J.R. Monzon, to commit the offense of
causing the death of Vernon Friar, then you will find the Defendant , RICHARD BRODIE, guilty of murder as charged in
the indictment.



 Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and
say by your verdict not guilty.



 Now if you believe from the evidence beyond a reasonable doubt that the defendant, RICHARD BRODIE, entered into a
conspiracy with Joseph Filmore or Ronald Davison or Jeffery Davis or J.R. Monzon to commit the felony offense of
Aggravated Assault and that on the 11th day of July, 1996 in the County of Nueces and State of Texas, in the attempt to
carry out this agreement, if any, Joseph Filmore or Ronald Davison or Jeffery Davis or J.R. Monzon, did then and there
intentionally or knowingly cause the death of Vernon Friar, by hitting him with a brick, or hitting him with a piece of wood,
or hitting him with his hand, or hitting him with his feet, or driving over him with an automobile, if they did, and that such
offense was committed in furtherance of the unlawful purpose to commit aggravated assault and was an offense that should
have been anticipated as a result of the carrying out of the agreement, then you will find the defendant, RICHARD
BRODIE, guilty of murder, though he may have had no intent to commit it, and so say by your verdict, but if you do not so
believe, or if you have reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty." 
(emphasis added).



 Under this charge, if the jury found that appellant had not acted as a principal in the killing of Friar, and that the killing
was not in furtherance of the aggravated assault or an anticipated result thereof, then the jury was required to acquit
appellant. The language in the charge tracked that of the statute and required a finding that murder was not beyond
appellant's contemplation. Because we find the given charge covered the requested instruction, appellant's point of error is
overruled.

 The judgment of the trial court is AFFIRMED.

 Nelda V. Rodriguez

 Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 27th day of May, 1999.

1. Tex. Pen. Ann. §19.02 (Vernon 1994).

_