# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41021

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROMAN RIVERA GUILLEN,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 7:13-CR-19-1

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Roman Rivera Guillen appeals his conviction and sentence, arguing the district court erred while calculating his range of imprisonment under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") by applying a six-level enhancement for making a ransom demand. We AFFIRM.

## I.    Background

The facts of this case are set forth in our opinion in *United States v. Fernandez*, No. 13-41033, ___ F.3d ___ (5th Cir. __, 2014) which addresses the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41021

same crime. Guillen, along with Julio Fernandez, Israel Flores, Jose Molina, Bernadino Sanchez, and Alfonso Villasana, planned and executed a conspiracy to abduct an older man in an attempt to collect a drug debt from him, but a younger man was actually abducted under the mistaken belief that he was the son of the intended victim.

Guillen was charged with: (1) one count of conspiracy to take a hostage in violation of 18 U.S.C. § 1203; and (2) one count of hostage taking in violation of 18 U.S.C. §§ 1203 & 2 ("Count Two"). Guillen pleaded guilty to Count Two pursuant to a plea agreement with the Government.

Guillen's Presentence Investigation Report ("PSR") calculated that his total offense level was 40, which included, among other things, a six-level enhancement pursuant to U.S.S.G. § 2A4.1(b)(1) for a ransom demand (the "Ransom Enhancement"). The PSR calculated Guillen's criminal history category to be I. As a result, it concluded that Guillen's range of imprisonment under the Sentencing Guidelines was 292 to 365 months.

Guillen assented to all factual findings of the PSR but objected that the Ransom Enhancement should not apply because he had only "engaged in a conspiracy to commit a kidnapping to collect a debt," although Guillen's "co-conspirators failed to kidnap the debtor and kidnapped an innocent third party." Thus, he argued the Ransom Enhancement should not apply because "[i]t was not foreseeable to [Guillen] that his debt collection would turn into a kidnapping for ransom . . . ." Guillen claimed that "the principle [sic] in Mexico" found out the wrong person had been abducted and "decided to try to extort a ransom for the victim," even though Guillen "was not a party of the ransom demand and did not acquiesce to it."

At sentencing, the district court overruled Guillen's objection, finding "it was obvious to everybody that the purpose of this kidnapping was to force a repayment of a drug debt that was owed, and jurisprudence in other circuits

2

indicates that . . . sufficiently qualifies as a ransom demand." The court specifically noted "Guillen was aware that this was not the intended victim; that this was just some innocent member of our community[,] . . . and only after his family couldn't come up with $700,000 . . . was he released."

After granting the Government's motion to increase the reduction for acceptance of responsibility from two to three levels pursuant to U.S.S.G. § 3E1.1(b), the district court determined that Guillen's range of imprisonment was 262 to 327 months under the Guidelines. The district court sentenced Guillen to 270 months of imprisonment and three years of supervised release. Guillen timely filed his notice of appeal after entry of judgment.

## II.    Standard of Review

Guillen challenges only the procedural reasonableness of his sentence. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012) (explaining bifurcated review of sentences for procedural and substantive reasonableness). Thus, we must determine whether the district court committed any significant procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Ortiz*, 613 F.3d 550, 554 (5th Cir. 2010). "For properly preserved claims, we review the district court's application and interpretation of the Guidelines *de novo*." *United States v. Goncalves*, 613 F.3d 601, 604–05 (5th Cir. 2010) (italicization added); *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). A district court's findings of fact and its application of the Guidelines to those findings of fact are reviewed for clear error. *See Goncalves*, 613 F.3d at 605; *Norris*, 159 F.3d at 929. "'A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole.'" *United States v. McMillan*, 600 F.3d 434, 457–58 (5th Cir. 2010).

No. 13-41021

### III.    Discussion

Guillen contends the district court erred in applying the Ransom Enhancement because it was unforeseeable to him that his co-conspirators would kidnap C.G. and attempt to collect a ransom, rather than abduct an older man and attempt to collect a drug debt from him. Although he raised this general objection before the district court, Guillen asserts for the first time on appeal an "independent impulse" legal theory to support his argument.

*Fernandez* disposes of Guillen's first argument. *See Fernandez*, No. 13-41033, slip op. at 5–6 (noting "there is nothing in the word's ordinary usage— a consideration paid or demanded for the redemption of a captured person— that precludes a ransom from consisting of a demand for a sum that the kidnapper believes is owed to him" (internal quotation marks omitted) (quoting *United States v. Escobar-Posado*, 112 F.3d 82, 83 (2d Cir. 1997))). Additionally, Guillen knew within a day of the abduction that C.G. was not the intended victim. Guillen personally presided over C.G.'s transfer to a different group of abductors the day after the kidnapping, apparently because, in his own words, "the principle [sic] decided to try to extort a ransom for the victim." Guillen's supervisory role, presence at the exchange, and apparent coordination with the person ordering the operation made it foreseeable to him that his co-conspirators' conduct would also include a ransom demand for C.G.

Guillen's independent impulse argument also lacks merit under any standard of review.[1] The concept of "independent impulse" springs from

---

[1] We consider Guillen's new legal argument involving the "independent impulse" theory for plain error. *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 402 n.2 (5th Cir. 2014) (reviewing for plain error a legal argument first raised before this court regarding a sentencing enhancement, even though the defendant raised a factual challenge to the application of that same enhancement before the district court). We note that Guillen's challenge would fail even if we reviewed his new argument *de novo*. *Cf. United States v. Gonzales*, 996 F.2d 88, 93 (5th Cir. 1993).

4

No. 13-41021

Texas's law on accomplice liability and prevents an accused from being held vicariously liable when he or she "did not contemplate the extent of criminal conduct actually engaged in by his [or her] fellow conspirators." *Fincher v. State*, 980 S.W.2d 886, 888 (Tex. App.—Fort Worth 1998, pet. ref'd). Guillen cites no federal case law adopting this standard, likely because federal criminal law uses the similar but distinct concept of foreseeability to determine whether a defendant may receive an enhancement at sentencing based on the conduct of his or her co-conspirators. *See, e.g.*, U.S.S.G. § 1B1.3(a)(1)(B); *Fernandez*, No. 13-41033, slip op. at 5–7. We conclude that the district court did not commit reversible error in applying the ransom demand enhancement.

AFFIRMED.