14-391(L)
UNITED STATES v. COLE, PHILIPPE

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                     <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    14-391(L)
                                                 14-463(con)

TREVOR COLE, DOMINIQUE JEAN PHILIPPE,
         <u>Defendants-Appellants</u>.[1]
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:          DANIEL DEMARIA, Merchant Law
                         Group LLP, White Plains, New
                         York.

---

[1] The Clerk of Court is directed to amend the case caption as above.

JULIA PAMELA HEIT, New York, New York.

**FOR APPELLEE:** PARVIN MOYNE (<u>with</u> Justin Anderson <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED.**

Trevor Cole and Dominique Jean Philippe appeal from judgments of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), sentencing each to consecutive sentences of life imprisonment plus seven years' imprisonment after their guilty pleas to five counts relating to a robbery and kidnapping. On appeal, Cole and Philippe advance three arguments for vacatur of the judgments against them: **(1)** that their guilty pleas were unknowing or involuntary, **(2)** that their sentences are unreasonable, and **(3)** that they were deprived of effective assistance of counsel. Rejecting the first two arguments, and declining to address the third on direct appeal, we affirm the judgments of the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The record of the <u>Fatico</u> hearing reflects that on the night of September 2, 2012, Cole and Philippe kidnapped a woman at gunpoint from a common area of her Bronx apartment building. They forced the victim into her own apartment and bound her wrists, ankles, and eyes with duct tape. She was held captive in that state for almost three days, unable to use a bathroom. During that time, Cole and Philippe were joined in the victim's apartment by accomplices. Several of the men sexually assaulted the victim, and one urinated on her. She was compelled to call her drug-dealing boyfriend and lure him to the apartment, where he was battered and stabbed on arrival. While detaining both victims, the kidnappers demanded a combination to a safe and stole

2

$40,000 from it.  After further attempts to steal more money failed, the band of robbers (including Cole and Philippe) fled the apartment.

Each defendant was charged with: one count of conspiring to violate the Hobbs Act, 18 U.S.C. § 1951, one count of Hobbs Act robbery, one count of conspiring to commit kidnapping, one count of kidnapping, and one count of using a firearm in furtherance of those crimes in violation of 18 U.S.C. § 924(c).  On the day their jury trial was scheduled to begin, the two pled guilty to all five charges.

The Fatico hearing was conducted to resolve whether the there was sexual exploitation and a ransom demand.  The district court found that the female victim was sexually exploited and that a ransom demand had been made of the male victim.

At sentencing, the district court calculated that the Guidelines offense level was 47, that Philippe was in Criminal History Category V, and that Cole was a career offender.  Each defendant was sentenced to consecutive terms of life imprisonment plus seven years' imprisonment.

**1.**  Cole and Philippe challenge the knowing and voluntary character of their guilty pleas, based on the absence of an incentivizing plea agreement and based on defects in their plea colloquies.

Cole and Philippe argue that no defendant with effective counsel and in sound mind would plead guilty in the absence of a government plea agreement when a long prison sentence hangs in the balance.  To the contrary, there is no constitutional requirement that every defendant at risk of a long sentence must proceed to trial absent incentives from the government.  Some defendants may plead guilty to evidence acceptance of responsibility; some may exercise an impulse to confess; and there are doubtless other motivations.  The circumstances on the present record do not establish that the pleas were constitutionally defective.

Because neither defendant registered objection to defects in the plea colloquy, we review for plain error. Fed. R. Crim. P. 52(b); see United States v. Yang Chia Tien, 720 F.3d 464, 469 (2d Cir. 2013).  They argue on appeal that the district court failed to disclose its "obligation . . .

3

to consider that [Sentencing Guidelines advisory] range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)"--a disclosure required by Federal Rule of Criminal Procedure 11(b)(1)(M). Neither defendant offers a substantial reason why, but for this omission, he would not have pled guilty. This challenge therefore fails under the plain error standard.

Philippe contends that the Pimentel letter misled him regarding the consequences of his plea. The purpose of such a letter is to "inform defendants, prior to accepting plea agreements, as to the likely range of sentences that their pleas will authorize under the Guidelines." United States v. Pimentel, 932 F.2d 1029, 1034 (2d Cir. 1991). The letter at issue predicted that the Guidelines advisory range would be consecutive terms of life imprisonment and seven years' imprisonment. It did not lull Philippe into optimism.

Cole argues that it is unclear whether defendants saw the Pimentel letters at all. However, each defendant answered general questions about his respective Pimentel letter in his plea colloquy, and both defendants explicitly affirmed that they understood various aspects of the letters. It is, moreover, clear that Cole and Philippe's respective lawyers received the letters. Hence, the record is clear that the government's view as to the applicable Guidelines range was sufficiently communicated to Cole and Philippe.

**2.** We review sentences for reasonableness, United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam), which "amounts to review for abuse of discretion," United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This concept applies both to "the sentence itself and to the procedures employed in arriving at the sentence." United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted).

Cole and Philippe challenge the procedural reasonableness of their sentences on several grounds.

The district court found that neither defendant was entitled to a downward adjustment for acceptance of responsibility. That finding was based on factors that the district court is permitted to consider, such as the timing of Cole and Philippe's guilty pleas and their consistent

4

denials of relevant offense conduct found by the district court, namely the sexual exploitation of the female victim. See USSG § 3E1.1 cmt. nn.1(A),(H); see also United States v. Reyes, 9 F.3d 275, 280 (2d Cir. 1993) ("Whether or not a defendant has accepted responsibility for the offense of conviction is a factual question as to which the district court's determination should not be disturbed unless it is without foundation." (internal quotation marks omitted)).

Defendants argue that the district court applied the wrong definition of "ransom." The kidnappers ordered the female victim to call her boyfriend so that he would arrive at the apartment. They also ordered the male victim to call a friend to get money for ransom. He pretended to call, and failed to make the contact. After observing that the Sentencing Guidelines do not define "ransom," the district court adopted the following definition: "consideration for the release of a person or . . . consideration in connection with a demand for the release of a person." J.A. 111. Defendants, citing for the first time on appeal United States v. Reynolds, 714 F.3d 1039 (7th Cir. 2013), and therefore subject only to plain-error review, assert that there was no ransom demand or, in the alternative, that the enhancement applied only to the male victim. Our Court, in United States v. Escobar-Posado, 112 F.3d 82 (2d Cir. 1997) (per curiam), took a different approach. We need not resolve any possible tensions in these approaches, however, because the district court clearly stated that it would have imposed the same sentence regardless of the ransom enhancement. Hence, the error, if any, was not plain error. See United States v. Jass, 569 F.3d 47, 50 (2d Cir. 2009).

Cole and Philippe challenge the enhancement premised on a finding that the female victim sustained serious bodily injury. However, the victim testified to specific injuries (for example, burns on her skin where she had been bound) and to her subsequent hospitalization. See USSG § 1B1.1 cmt. n.1(L) ("'Serious bodily injury' means injury . . . requiring medical intervention such as surgery, *hospitalization*, or physical rehabilitation." (emphasis added)); id. § 2A4.1(b)(2)(B).

As to the sexual exploitation, which resulted in a further sentencing enhancement, see USSG § 2A4.1(b)(5), Cole and Philippe contest whether sexual exploitation occurred as well as whether they were the ones who did it. The female victim's testimony at the Fatico hearing allowed the

5

district court to find that the sexual exploitation occurred; and even if the sexual exploitation was undertaken by accomplices rather than by Cole or Philippe, the district court had discretion to find that the sentencing enhancement applied for the "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," United States v. Studley, 47 F.3d 569, 573 (2d Cir. 1995) (quoting USSG § 1B1.3(a)(1)(B)) (emphasis omitted). Defendants alternatively argue that the sexual exploitation should have been found by a jury beyond a reasonable doubt, rather than by the district court by a preponderance of the evidence; but judicial factfinding is proper with respect to sentencing enhancements under an advisory Guidelines system. See, e.g., Alleyne v. United States, 133 S. Ct. 2151, 2161-63 (2013); United States v. Singletary, 458 F.3d 72, 80 (2d Cir. 2006).

Philippe contends that his criminal history score was unfairly overstated, citing a (remarkable) number of offenses that he characterizes as minor and nonviolent. Philippe concedes, however, that his criminal history score was accurately calculated under the Guidelines. The district court did not err in adopting that calculation.

Finally, Cole and Philippe contend that the district court failed to respect their right of allocution; but the district court invited both Cole and Philippe to allocute before imposition of any sentence, in conformity with Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).

Neither are the sentences substantively unreasonable. The requirement of substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). Defendants' sentences here fell "within the range of permissible decisions," Cavera, 550 F.3d at 191, given both the seriousness of their crimes and their extensive criminal histories.

**3.** The claims of ineffective assistance of counsel are more appropriately directed to the district court in a motion under 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 505 (2003). We therefore decline to

6

address the ineffective assistance claims on this direct appeal.

For the foregoing reasons, and finding no merit in Cole and Philippe's other arguments (except for the ineffective assistance arguments, on which we decline to rule on direct appeal), we hereby **AFFIRM** the judgment of the district court.[2]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Reassured by the absence of any showing of prejudicial error, we reject Cole and Philippe's argument that future proceedings (collateral or otherwise) involving them should take place before a different district judge.