In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 15-3575 & 15-3581

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

THOMAS CURETON,

*Defendant-Appellant.*

Appeals from the United States District Court for the
Southern District of Illinois.
Nos. 3:10-CR-30106-DRH-1 & 3:10-CR-30200-DRH-1 —
**David R. Herndon**, *Judge*.

ARGUED NOVEMBER 16, 2016 — DECIDED JANUARY 5, 2017

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Thomas Cureton appeals his conviction for using a firearm during a crime of violence. He contends that the crime of making a ransom demand in violation of 18 U.S.C. § 875(a) does not qualify as a "crime of violence" under 18 U.S.C. § 924(c). Because Cureton did not raise this

challenge in the district court, we examine it through the demanding lens of plain-error review. We see no plain error in interpreting the federal crime of demanding ransom as necessarily including at least an implied threat of physical force. Because a crime that includes a threat of physical force as an element qualifies as a crime of violence, we affirm.

I.  *Factual and Procedural Background*

While Thomas Cureton was under investigation for dealing crack cocaine, he used a gun to demand ransom. A roommate of his, Ashley Lawrence, failed to bring him some money he expected. Cureton tied her up, choked her, beat her, pointed a gun to her head, and made her call family members to ask for ransom money. Lawrence's grandfather agreed in a telephone call to wire Cureton $4,500. The police were waiting for Cureton at his home when he returned there with Lawrence.

A jury convicted Cureton on four federal charges: one count of interstate communication of a ransom demand or request under 18 U.S.C. § 875(a), one count of attempted extortion under 18 U.S.C. § 1951(a), and two counts of possessing a firearm during a crime of violence under 18 U.S.C. § 924(c). The first § 924(c) charge, Count 2, was based on the ransom demand. The second one, Count 4, was based on attempted extortion. In the district court, this case (Case No. 3:10-CR-30200-DRH-1 or Case 200) was consolidated for trial and sentencing with another case against Cureton involving drug possession (Case No. 3:10-CR-30106-DRH-1 or Case 106).

At sentencing, the guideline range in the drug case (Case 106) was 360 to 720 months; the guideline range for the ransom demand and attempted extortion (Case 200) was 240

months, the statutory maximum sentence. The district court imposed a sentence of 360 months for the drug counts in Case 106 to run concurrently with a 240 month sentence for the ransom and attempted extortion in Case 200. The court then added consecutive sentences in Case 200 for the convictions on the two § 924(c) counts—84 months on Count 2 and 300 months on Count 4. That increased the total sentence from 360 months to 744 months (62 years).

In his first appeal, *United States v. Cureton*, 739 F.3d 1032, 1039–45 (7th Cir. 2014) (*Cureton I*), this court ruled that two § 924(c) charges against Cureton for a single course of conduct involving only one use of one firearm were multiplicitous. We vacated Cureton's sentence and remanded for resentencing. 739 F.3d at 1045. On remand the district court sentenced Cureton to 444 months (37 years) in prison, eliminating the 300 months originally imposed on Count 4 in Case 200, the § 924(c) charge based on attempted extortion.

Cureton appealed again. We vacated the sentence again because the district court set conditions of supervised release without complying with *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). *United States v. Cureton*, Nos. 14-2576 & 14-2586 (7th Cir. June 30, 2015) (*Cureton II*). On remand the district court imposed the same 444-month sentence. Cureton has now appealed for a third time.

## II. *Analysis*

Cureton challenges only his § 924(c) conviction on Count 2. That conviction is based on his having demanded a ransom and accounts for 84 months of his 444-month sen-

tence. Section 924(c)(1)(A) applies to the use of a firearm during or in connection with the commission of a "crime of violence."

An offense may qualify as a "crime of violence" under § 924(c) in one of two ways. First, under the "elements" clause, an offense qualifies if it is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Second, under the "residual" clause, the predicate offense qualifies if it is a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

Cureton's primary argument on appeal is that the residual clause is unconstitutionally vague and thus cannot render his ransom-demand offense a "crime of violence." He contends that *Johnson v. United States*, 576 U.S. —, 135 S. Ct. 2551 (2015), which held that a similar residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague, applies to render § 924(c)(3)(B) unconstitutional as well.

We recently adopted the position that Cureton advances. In *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016), we described § 924(c)'s residual clause as "virtually indistinguishable from the clause in *Johnson* that was found to be unconstitutionally vague." We also explained that our decision in *United States v. Vivas-Ceja*, 808 F.3d 719, 721 (7th Cir. 2015), invalidated the residual clause found in 18 U.S.C. § 16(b), which is identical to the clause in § 924(c)(3)(B). Accordingly we concluded that § 924(c)(3)(B) suffers from the same constitutional infirmities that invalidated the residual clauses in *Johnson* and *Vivas-Ceja*. *Cardena*, 842 F.3d at 996.

Even without the residual clause, however, Cureton loses under the elements clause of 18 U.S.C. § 924(c)(3)(A). The issue is whether the ransom-demand statute, 18 U.S.C. § 875(a), "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." See *Cardena*, 842 F.3d at 996, citing *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016).

The government appears to accept Cureton's assertion on appeal that the ransom-demand statute does not include the threat of force as an element. That apparent concession does not end our inquiry. Cureton did not challenge his § 924(c) conviction in the district court on this ground, so we review the district court's judgment on the § 924(c) conviction for plain error. *United States v. Seals*, 813 F.3d 1038, 1045 (7th Cir. 2016). To show plain error, Cureton must show us that "(1) there was error, (2) it was plain rather than subject to reasonable dispute, (3) it affected his substantial rights, and (4) the court should exercise its discretion to correct the error because it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*.

Cureton has not shown that the district court plainly erred. Here is the statute: "Whoever transmits in interstate or foreign commerce any communication containing any demand or request for a ransom or reward for the release of any kidnapped person, shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 875(a). To prevail on plain-error review, Cureton must show that it is plain that "a demand or request for ransom" does not necessarily involve a threat of violence against the kidnapped person if payment is not made.

We think the opposite is rather plain: a demand or request for ransom necessarily includes at least an implied threat that the kidnapper will use force against the captive if the demand is not satisfied. The content of the implied threat "Or else!" in a ransom demand is understood as a threat of violence. Otherwise a kidnapper's demand or request for a "ransom" would be meaningless.[1]

In any event, Cureton loses on plain-error review if it is at least debatable whether the statute "has as an element the … threatened use of physical force against the person … of another." 18 U.S.C. § 924(c)(3)(A). See, e.g., *United States v. Hosseini*, 679 F.3d 544, 552 (7th Cir. 2012) (no plain error where relevant legal issue was unsettled). Cureton has not cited case law that gives substantial support, let alone definitive support, to his side of the debate. Cureton cites *United States v. Brika*, 487 F.3d 450 (6th Cir. 2007), but that case does not help

---

[1] In some contexts one might speak of "ransoming" a prisoner, such as a prisoner of war, where the alternative to payment might be continued imprisonment rather than violence or death. The modern cyber-scourge of "ransomware" threatens interference with computer systems, not physical violence against a person. In this criminal law context of kidnapping, though, it is surely very rare for kidnappers to signal they are willing to hold their victims indefinitely without harming them if a ransom demand is not met. The threat of violence, explicit or implicit, is why kidnapping is treated as a crime of violence as a matter of law. See, e.g., *United States v. Morgan*, 748 F.3d 1024, 1035 (10th Cir. 2014); *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992); see also *United States v. Godinez*, 998 F.2d 471 (7th Cir. 1993). For purposes of comparison, consider blackmail, where the threat is not physical harm but harm to someone's reputation if a demand is not met. See *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005) (state robbery statute requiring use or threat of force or "putting any person in fear" required fear of physical injury, not injury to reputation).

him. There the Sixth Circuit recognized that a person may violate § 875(a) even without participating in an actual kidnapping. 487 F.3d at 455–56. We assume that is correct, but the force that makes § 875(a) a crime of violence is not force that might or might not be used to capture someone but the force threatened if a ransom demand is not met. See *United States v. Heller*, 579 F.2d 990, 998 (6th Cir. 1978) ("In a kidnapping case, the threat to the kidnapped person makes a 'demand' for 'ransom' extortionate."). Section 875(a) does not require proof that the person making the threat be able to or actually follow through on the implied threat of violence. The same applies when a violation of § 875(a) is used as the predicate for a conviction under § 924(c).

The cases we are aware of point toward treating a ransom demand as necessarily involving at least an implied threat of violence. Section 875(a) has been the subject of few reported decisions, but convictions under it have involved threats of deadly violence. See, e.g., *United States v. Sanchez*, No. 89-2674, 1991 WL 17993, *1 (7th Cir. Feb. 15, 1991) (defendant convicted under § 875(a) after threatening to kill kidnapped person if ransom not paid); *United States v. Escobar-Posado*, 112 F.3d 82, 83 (2d Cir. 1997) (same); *United States v. Seale*, 20 F.3d 1279, 1281 (3d Cir. 1994) (same); *Chen v. United States*, No. 01-787, 2005 WL 1869472, *1 (E.D. Pa. July 27, 2005) (same); *United States v. Lopez-Flores*, 592 F. Supp. 1302, 1304 (W.D. Tex. 1984) (same). We see no plain error in the district court's judgment treating Cureton's crime of demanding a ransom as a "crime of violence" under the elements clause of § 924(c)(3)(A). See *Seals*, 813 F.3d at 1045.

Even if this analysis were wrong, there is a second reason that Cureton cannot show plain error: retaining the § 924(c)

conviction based on the ransom demand does not affect his substantial rights. See *United States v. Lawson*, 810 F.3d 1032, 1040 (showing an effect on substantial rights requires demonstrating that error "affected the outcome of the district court proceedings").

Cureton contends that the alleged error was harmful because the § 924(c) conviction added 84 months to the 360 months he is serving on his other convictions. The problem with this contention is that even if we vacated the § 924(c) sentence, the guideline range of 360 to 720 months for his remaining offenses in his two consolidated cases would remain the same. In addition, there is no doubt that Cureton as a matter of fact threatened his victim with force with a gun literally to her head. The district court is perfectly entitled to consider that fact in exercising its sentencing discretion. See 18 U.S.C. § 3661. With an unchanged guideline range, the district court could readily impose the same 444-month sentence that it has already ruled twice is appropriate. Cureton gives us no reason to believe the district court would do anything different if we were to remand once more. Because that sentence would be within the guideline range, this court would presume it to be reasonable. *United States v. Dachman*, 743 F.3d 254, 263 (7th Cir. 2014). Under these circumstances, Cureton could not show that any supposed error was harmful, as is his burden. See *Cardena*, 842 F.3d at 998; *Lawson*, 810 F.3d at 1040.

We AFFIRM the defendant's conviction for using a firearm during the commission of a crime of violence, namely, interstate communication of a ransom demand under 18 U.S.C. § 875(a).