**Elpato DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68142.**

Court of Criminal Appeals of Texas, En Banc.

June 8, 1983.

extreme punishment permitted by law. See Sec. 12.42(a), V.A.P.C.

788

Grady Inzer, Longview, for appellant.

Rob Foster, Dist. Atty., and Michael Lew Dunn, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. The jury assessed punishment at 40 years.

On October 16, 1979, appellant and two other men, James Riggins and Vince Benton, entered the lobby of the Ramada Inn in Longview. Glenda Hudson, the motel desk clerk, testified Benton pulled a revolver "and said, 'Let's have all your money. Let's have it now.'" Hudson further related appellant said, "'Yeah, let's have it all now.'" As Yvonne Woods, the motel night auditor, put her hand on the one-dollar bills and said "take it," Benton shot her. After forcing the two women to lie on the floor, appellant and the two other men left. It was later determined at least $250.00 had been taken from the cash register.

Appellant contends the trial court "erred in overruling the many motions for a mistrial in this cause." Although this is a multifarious ground of error, we will review the same since we "can identify and understand such point of objection." Art. 40.09, Sec. 9, V.A.C.C.P.

Appellant complains the court commented on the weight of the evidence in its remarks to the veniremen prior to jury selection. He maintains the court told the

veniremen this cause would have to be re-tried if the jury did not follow the court's instructions.

The record does not contain a transcription either of the trial court's remarks or of the voir dire examination. However the record does reflect the following:

"MR. INZER [defense]: . . . We have an additional motion . . . It's our motion for a mistrial. If the Court will recall, before the Jury panel, and I am sure His Honor did that in all innocence, but as far as the Defendant is concerned, it would have the effect that we have set out, and, among other things the Court had stated that this cause, if the jury does not follow the law under the instructions of the Court that this cause will have to be tried over again. This is a comment upon the weight of the evidence and could only have one effect and that would be a direct comment alluding to the guilt of the Defendant because they would have —defendants, alone, in Texas have the right of appeal, which the State would not have; so, there could be only one interpretation on that statement to the jury.

"THE COURT: That's when I was instructing them with regard to their conduct?

"MR. INZER: Yes, sir, it was and you were instructing the whole panel.

"THE COURT: I overrule that. You will have your bill of exception."

Art. 38.05, V.A.C.C.P., provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at *any stage of the proceeding* previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case." (Emphasis added.)

■ · To constitute reversible violation of Art. 38.05, supra, the comment of the judge must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. *Marks v. State,* 617

S.W.2d 250 (Tex.Cr.App.1981); *Barber v. State,* 628 S.W.2d 104 (Tex.App.1981).

In *Graham v. State,* 624 S.W.2d 785 (Tex. App.—Ft. Worth 1981) reversal resulted because of the trial judge's comments before voir dire of the jury, "I think that the evidence will show that he [defendant] went to her [victim's] house looking for her daughter and the State's evidence will probably show that Sara Whitehead [victim] was killed somewhere during that time . . ." The Court found that these remarks were calculated to, and probably did, convey to the jury the court's opinion of the case on a pivotal issue. The question of whether the defendant had been to the victim's home on the day in question was hotly disputed and the judge's comment gave credence to the State's version of the disputed facts.

In *Hernandez · v. State,* 507 S.W.2d 209 (Tex.Cr.App.1974), a comment by the trial judge during argument of defense counsel bears a similarity to the one complained of in the instant case. In *Hernandez,* the following occurred during argument of defense counsel at the guilt stage of the trial:

"THE COURT: Counsel, I have repeatedly told you not to go outside the record. We don't care whether he did or didn't go try to get in the marines. That's outside the record, Counsel.

"MR. HERNDEN [defense counsel]: Judge, first of all, I disagree with the Court on the law. I would like the record to reflect that we would like to object to the record and that his character was brought out when we put him on the witness stand.

"THE COURT: That's fine. You can try that on appeal."

An objection was made and the court instructed the jury that it was strictly up to them to determine guilt or innocence of the defendant. While noting that the court's comment carried the implication that the defendant's conviction was a foregone conclusion in the eyes of the trial court, this Court held that the court's instruction was sufficient to cure the error.

■ The instruction made prior to voir dire in the instant case was far more subtle than the court's comment in *Graham* which was directed to a pivotal factual issue in the trial. While the court's comment about appeal could only imply that the defendant would be convicted in *Hernandez,* the court's mention of another trial does not carry such a narrow implication. A retrial of the cause could just as easily stem from a mistrial caused by the jury's failure to follow the court's instruction. The instruction in question is not a proper one to be given in the trial of a criminal case. Nonetheless, under the circumstances, we conclude that it was not reasonably calculated to benefit the State or prejudice the defendant. No reversible error is shown.

■ Appellant also complains "the State couched their witnesses to answer to the effect *'they'* robbed us, that is, involving the Defendant when he was not involved according to his, and other, testimony." He argues, "the most truthful thing was, and should have been that Vince Benton shot the lady and robbed the place, and that the Defendant and James Riggins were present."

Witness Hudson testified appellant told her, " 'Yeah, let's have it [the money] all now.' " Furthermore, Vince Benton testified appellant told Woods and Hudson "to get on the floor" and that later appellant personally divided up the money and took $40.00 for himself. The evidence sufficiently demonstrates appellant was a party to the offense. No error is shown.

Appellant next maintains "hearsay testimony was allowed to involve the Defendant." Complaint is made of the State, on redirect examination of Barbara Ann Jackson, improperly using a portion of Jackson's written statement to the police. The statement itself was never admitted into evidence and does not appear in the appellate record.

Jackson was a friend of appellant, Riggins and Benton. She testified that all three men came to her apartment on the evening of the 16th, after they had been to the Ramada Inn.

■ Under cross-examination by appellant's attorney, Jackson testified as follows:

"Q. O.K. I notice here that you asked James [Riggins] if he robbed it and, 'he told me, no.' He told you he didn't rob that motel didn't he?

"A. Yes.

"Q. And you've got that right there in your statement that you gave the police, didn't you?

"A. Mm-hmm.

"Q. Which is verified and taken right down there at the police station; is that right?

"A. Right."

On redirect examination the following exchange occurred between Jackson and the prosecutor:

"Q. Mrs. Jackson, you recognize your statement?

"A. (Indicated response.)

"Q. Is that the statement you gave the police officers on the 25th of October?

"A. Read it?

"Q. No. Just the whole statement, is this your statement; you recognize this?

"A. I recognize it.

"Q. And do you recall telling the officers, 'James told me he was fixing to go upstairs. I asked him for what and he told me they had just robbed a place.'

"A. Oh, yes, that's correct.

"Q. And then what did he say?

"MR. INZER: We object to that, also, as hearsay in the rankest form as to this Defendant and we ask for a mistrial at this time for deliberation on the part of the State.

"THE COURT: Overruled.

"MR. INZER: Ask that the jury not consider that, the question or answer, for any purpose.

"THE COURT: Overruled.

"Q. Was El Pato [appellant] and Vince [Benton] there when James told you that?

"A. When he told me that?

"Q. Yes.

"A. They had left and went outside.

"Q. O.K. And what about just right about the time, according to your statement, when they were going upstairs?

"A. Well, I didn't have any idea what they were going upstairs for, but when James came back downstairs I asked him what he was doing up there, but he didn't say anything about money, but he said Vince Benton had shot a lady at the Ramada Inn.

"Q. Did I read that correctly a minute ago?

"A. Yes, you read it correctly.

"MR. HILL: I have no further questions. Thank you."

Art. 38.24, V.A.C.C.P. provides that:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

Appellant's counsel first made reference to Jackson's statement. In response, the prosecutor alluded to other portions of the same statement that contradicted the portion relied on by appellant. Clearly, this was proper under Art. 38.24, supra. *Cerda v. State,* 557 S.W.2d 954 (Tex.Cr.App.1977). Appellant's ground of error is overruled.

■ Appellant further contends the trial court erred "in not requiring the State to follow due order of argument of summation, and permitting the State to make argument in chief on final summation." He also argues the court erred in allowing the State to argue outside the record.

The record before this Court contains no transcription of the jury arguments made by counsel. Appellant acknowledges as much but notes that, "The defendant requested that the entire record be completed prior to commencement of trial, and, we need, and want this for all purposes."

The abovementioned request was contained in appellant's "Motion to Quash Indictment" filed on the day of trial. This motion consists of two numbered paragraphs. Following these paragraphs are four short unnumbered paragraphs. The second unnumbered paragraph states: "The Defendant request a record on the hearing on this motion, and at all stages of the trial."

This appears to be nothing more than a request for a court reporter to take notes at the hearing on the motion to quash and throughout trial. It is not a request for inclusion of material in the appellate record. Indeed, had it been the latter kind of request, a motion to quash filed on the day of trial was hardly the manner in which to make it. See Art. 40.09(2), V.A.C.C.P.

Though the trial court held a hearing on the motion to quash, the request for a record was never brought to its attention. See *Wells v. State,* 578 S.W.2d 118 (Tex.Cr.App. 1979). Nevertheless, a court reporter did take notes at the hearing and throughout the trial.

Appellant did not avail himself of the proper method for obtaining and forwarding to our Court a transcription of the court reporter's notes of jury argument.

Art. 40.09(2), V.A.C.C.P., states that: "Each party may file with the clerk a written designation specifying matter for inclusion in the record. The appellant shall file his designation within 20 days after the giving of notice of appeal ... The failure of the clerk to include designated material will not be ground for complaint on appeal if the designation specifying such matter is not timely filed." Appellant filed no designation.

At the time of trial, Art. 40.09(5), V.A.C. C.P., provided that: "A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and

the defendant shall pay therefore." There is no indication whatsoever that appellant followed this procedure. The request contained in his motion to quash is the only purported request for a transcription of jury argument that he points to.

It is clear and unambiguous from a reading of Sec. 5 of Art. 40.09, supra, that the burden is upon the party desiring a transcription of the court reporter's notes to not only obtain such, but to further see that same is filed with the clerk in time for inclusion in the record. *Glover v. State,* 532 S.W.2d 346 (Tex.Cr.App.1976); *Appleman v. State,* 531 S.W.2d 806 (Tex.Cr.App.1975); *Dart v. State,* 515 S.W.2d 119 (Tex.Cr.App. 1974).

There is no showing that appellant took any action to discharge his responsibility of furnishing the transcription of jury argument in time for inclusion in the record. Since such transcription was not timely filed, and was not included as a part of the record at the time of the approval by the trial court, it is not properly before us for our consideration.

 Lastly, appellant argues the trial court erred in refusing his special requested charges. A charge on circumstantial evidence was one such requested charge. *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr. App.1981), however, is adverse to appellant's contention.

Appellant further requested an instruction that the jury find he "knew of the intent of Vince Benton, if any there was, to rob the said Yvonne Woods of her money" before it could find him guilty of aggravated robbery. The court charged as follows:

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct or by the conduct of another for which he is criminally responsible, or both. A person is criminally responsible for the act of another if, acting with intent to promote or assist in the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Each such party to the offense whether jointly indicted or not, may be legally prosecuted and convicted as such, provided the evidence against each establishes that he acted as a party to the offense, regardless of the particular part played by each. Mere presence alone will not make a person a party to an offense.

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about the 16th day of October, 1979, in Gregg County, Texas, the Defendant, Elpato Davis, either by his own conduct while in the course of committing theft, intentionally or knowingly placed Yvonne Woods in fear of imminent bodily injury by exhibiting a deadly weapon, to-wit: a handgun, with the intent to obtain money of the United States, property of Yvonne Woods, without her effective consent and with intent to deprive her of her property, or, acting with the intent to promote or assist the commission of the offense, solicited, encouraged, directed, or aided Vince Benton to commit the offense charged, as defined above, and that the said Vince Benton did intentionally or knowingly place Yvonne Woods in fear of imminent bodily injury by exhibiting a deadly weapon, to-wit: a handgun, with the intent to obtain money of the United States, property of Yvonne Woods, without her effective consent and with intent to deprive her of her property, you will find the Defendant guilty.

"If you do not so believe, or if you have a reasonable doubt, you will find the Defendant not guilty."

The court's charge tracked the language of the Penal Code, Secs. 7.01 and 7.02, V.T. P.C. When a refused charge is adequately covered by the charge given, no harm is shown. *Viduarri v. State,* 626 S.W.2d 749 (Tex.Cr.App.1981). We find no harm and overrule the ground of error.

Appellant's pro se brief has been reviewed and contentions advanced therein are found to be without merit.

The judgment is affirmed.