Ronny Lee SARVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00096–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 7, 2000.

Decided June 8, 2000.

Wayne T. Hill, Houston, for appellant.

Calvin A. Hartmann, Asst. Dist. Attorney–Appellate Section, Carmen Castillo Mitchell, Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice, CORNELIUS.

A jury convicted Ronny Sarver of aggravated robbery. The jury found an enhancement paragraph true and set Sarver's punishment at life imprisonment. Sarver was indicted alternatively for aggravated robbery by taking property owned by Mike Gerow, combined with threatening Donald Sparks with a deadly weapon, and for burglary of a habitation in furtherance of a conspiracy with two co-defendants who threatened Sparks with a deadly weapon.

On appeal Sarver raises eleven points. The first five contend that the evidence is legally and factually insufficient to support Sarver's conviction as a principal or as a party. In the other points Sarver contends that the trial court erred by denying his motion to suppress evidence, by denying his request for a jury instruction on his

alleged illegal arrest, by admitting the statement of co-defendant Chaundy Moore[1] into evidence, by denying his requested jury instruction on independent impulse, by admitting evidence of extraneous bad conduct, and by admitting hearsay identification testimony. We overrule all these contentions and affirm the judgment.

The evidence shows that Sarver was one of three men who broke into Mike Gerow's residence during daylight hours, while Gerow was at work. A neighbor, Donald Sparks, saw the three men disappear into Gerow's back yard. Sparks became suspicious, got his pistol, and went to the house to investigate. While Sparks was looking in a garage-door window, he was shot in the hip by a pistol that had been taken from a briefcase in Gerow's house. Seconds later, a co-defendant, Efrain Epps, came up to Sparks, shot him several more times, and took his pistol, leaving him for dead. All three of the burglars then rode away on two bicycles. They were captured about two weeks later, and both pistols were recovered. The pistol stolen from the house, which was the gun used to initially shoot Sparks, was in Sarver's possession when he was arrested.

The State does not contend that the evidence proves Sarver acted as a principal, but it contends the evidence is sufficient to convict Sarver under the law of parties.

■ A legal sufficiency review requires us to review the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Mason v. State,* 905 S.W.2d 570, 574 (Tex.Crim.App.1995).

■ A factual sufficiency review requires us to view all the evidence in a neutral light, favoring neither party. *Johnson v. State,* No.1915–18, 2000 WL 140257, at *5 (Tex.Crim.App. Feb. 9, 2000); *see Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996). We review all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d at 129.

■ Sarver contends that the evidence is insufficient to prove he acted as a party to the crime because the evidence does not show that he should have anticipated that one of his co-conspirators would threaten or place Sparks in fear of serious bodily injury or death during the burglary.

In order to prove robbery, the State must show that while in the course of committing theft the actor caused bodily injury or threatened or placed another in fear of imminent bodily injury or death. TEX. PEN.CODE ANN. § 29.02 (Vernon 1994). To elevate this offense to aggravated robbery the State must show the robbery and also prove that during the course of the robbery the actor either caused serious bodily injury to another or used or exhibited a deadly weapon, or caused bodily injury if the victim is over sixty-five years of age. TEX. PEN.CODE ANN. § 29.03(a)(1)-(3) (Vernon 1994). A person may be convicted as a party to an offense if he commits the offense by his own conduct or the conduct is committed by another for whom he is criminally responsible. TEX. PEN. CODE ANN. § 7.01(a) (Vernon 1994). A person is criminally responsible for the acts of another if, while in an attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, even though the accused had no intent to commit the felony actually committed, so long as it was one that the accused should have anticipated as a result of carrying out the conspiracy. TEX. PEN. CODE ANN. § 7.02(b) (Vernon 1994).

---

1. Moore is the appellant in a separate appeal decided by this Court in Cause No. 06–99–

00086–CR.

The trial court charged the jury that under the law of parties the State was required to prove that Sarver was part of a conspiracy to commit the burglary and that he should have anticipated the act that resulted in the aggravated robbery. *Ruiz v. State,* 579 S.W.2d 206, 209 (Tex Crim.App. [Panel Op.] 1979).

Sarver contends that the evidence is insufficient because there is no evidence from which the jury might conclude that the shooting of Donald Sparks by a co-conspirator was reasonably foreseeable. He bases this contention on the fact that Sparks was shot, not with a weapon brought by any of the conspirators to the burglary, but rather with one stolen at the residence.

The evidence shows that Epps shot Sparks from inside the garage immediately after Sparks drew his own pistol. After Epps shot Sparks, the burglars rode off together on two bicycles. A witness testified that as Sarver was leaving the scene, he said, "S-o-b-, m-fgot what he needed, s-o-b-." A jury could infer from this testimony that Sarver agreed fully with Epps' shooting of Sparks. In determining whether one is a party to an offense, the court may consider events before, during, and after the offense. Participation in the offense may be inferred from circumstantial evidence and need not be shown by direct evidence. *Beardsley v. State,* 738 S.W.2d 681 (Tex.Crim.App. 1987).

It is reasonable to infer that when a person joins with two other persons and burglarizes a residence in midday, he should anticipate that they might be confronted by the occupant or discovered by an onlooker, and that his co-conspirators might react violently to that confrontation. It is further probable that the co-conspirator, if not already armed, might arm himself with weapons found in the residence. Sarver does not argue that he, Epps, and Moore were not working together to burglarize the house.

There is evidence from which the jury could reasonably find that Sarver was part of a conspiracy to commit burglary, that during the commission of the crime Epps shot Sparks with a deadly weapon, and that his conduct was both part of the robbery and a result that could be reasonably anticipated. We find the evidence both legally and factually sufficient to support Sarver's conviction as a party to the offense.

Sarver further contends that the trial court erred by overruling his motion to suppress evidence of the gun he possessed when he was arrested. He argues that the investigative detention at that time was unlawful. The burglars were not arrested near the time of the offense. On August 11, 1998, about twenty days after the robbery, Houston police responded to a call stating that there were armed black males near a named intersection. Police arrived and saw two groups of three black males meeting the description given to the police. The police stopped one group and frisked them, but found no weapons. The police released this group. Another group of three black males was at the scene when the police arrived, but left in a Suburban vehicle as the police detained the other trio. An unknown individual then approached the officers and told them that the men they were looking for were around the corner. The officers then went around the corner and stopped Sarver, Epps, and Moore, the three individuals who had left the intersection. They searched for weapons and found that each of them possessed a pistol.

Sarver filed a motion to suppress evidence of the handguns on the ground that the officers lacked reasonable suspicion to stop and search him. The trial court conducted a hearing and overruled the motion.[2]

---

**2.** The trial court granted the suppression motion as to Moore, agreeing with counsel that the revolver found in his possession had no relevance to the prosecution at bar.

■ The trial court's ruling on a motion to suppress evidence will not be set aside unless the trial court abused its discretion in making the ruling. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App. 1985); *Jackson v. Texas*, 968 S.W.2d 495, 498 (Tex.App.-Texarkana 1998, pet. ref'd); *Braggs v. State*, 951 S.W.2d 877, 880 (Tex. App.-Texarkana 1997, pet. ref'd). We do not engage in our own factual review. *Braggs v. State*, 951 S.W.2d at 880. Instead, we view the evidence in the light most favorable to the trial court's ruling and consider only whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *Braggs v. State*, 951 S.W.2d at 880. At the hearing on a motion to suppress, the trial judge is the sole fact finder and, as such, may believe or disbelieve all or any part of any witness' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980); *Santos v. State*, 822 S.W.2d 338, 339 (Tex. App.-Houston [1st Dist.] 1992, pet. ref'd). Therefore, any finding supported by the record will not be disturbed on appeal. *Green v. State*, 615 S.W.2d 700, 707 (Tex. Crim.App. [Panel Op.] 1980).

■ A temporary investigative detention is "[a] brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information." *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). A temporary detention must be judged by the totality of the circumstances. It will be justified when the detaining officer has specific articulable facts, which taken together with rational inferences from those facts, lead him to reasonably suspect that the person detained actually is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App.1997).

■ Both investigative detentions and arrests are considered to be seizures. Under either state or federal law, law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *Crockett v. State*, 803 S.W.2d 308, 311 (Tex. Crim.App.1991). But even a temporary detention is not permissible unless the circumstances on which the officers rely objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity.

The officers here were relying on a police dispatch that sent them to a particular location to investigate three black males with weapons. When the officers arrived at the street corner, they saw two groups of three black males. They stopped and frisked the first group, and found no weapons. The other group left the scene when the officers arrived. An unidentified citizen at the scene told the officers that the men they were looking for were around the corner. The officers stopped and frisked them, and found them carrying weapons. We conclude that the tip received by the officers, together with the suspicious conduct of the men in fleeing when the officers approached, were sufficient to justify the officers in temporarily stopping the men to investigate. *Cf. Florida v. J. L.*, 529 U.S. ——, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); *see Davis v. State*, 829 S.W.2d 218 (Tex.Crim.App.1992).

Sarver next contends that the trial court erred by refusing to give a jury instruction under TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon Supp.2000). That article provides that no evidence obtained by an officer or other person in violation of the constitution shall be admitted in evidence, and that in any case where the evidence raises an issue on that question, the jury shall be instructed that if it believes or has a reasonable doubt that the evidence was obtained in violation of the article the jury shall disregard that evidence.

■ Sarver was entitled to an Article 38.23 instruction only if the evidence raised a fact issue concerning whether the

evidence was obtained in violation of the federal constitution or the constitution or laws of Texas. *See Bell v. State,* 938 S.W.2d 35, 48 (Tex.Crim.App.1996); *Hamilton v. State,* 831 S.W.2d 326, 331 (Tex. Crim.App.1992); *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App.1986). At trial, there was no dispute about the facts surrounding Sarver's detention and the subsequent search resulting in the seizure of the handguns. The only question was whether the undisputed facts were sufficient to legally justify the detention and search. That is a question of law. There was no evidence raising any fact issue. *Thomas v. State,* 723 S.W.2d at 707. Because there was no fact issue for the jury to decide regarding the lawfulness of the detention and search, the trial court correctly refused the requested instruction.

■■■ Sarver next contends that the court erred by admitting the statement of co-defendant Chaundy Moore into evidence. Moore's statement reads as follows.

> I broke in the house and the man came and I looked out the window and saw the butt of his gun in his pocket. So I burned out the back door and got my bicycle and rode off. I heard two shots while I was on my bicycle. That's it, I ran to my house. I did not go there to hurt anybody. None of us went there to hurt anyone. The man drew down on us. That's all I know.

A third party's statement implicating the accused may be inadmissible because it violates the accused's rights under the Confrontation Clause of the Sixth Amendment. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Davis v. State,* 872 S.W.2d 743, 750 (Tex. Crim.App.1994). This rule, however, does not apply to Moore's statement. His statement does not name Sarver or any other participant but Moore himself. Thus, the statement did not violate Sarver's right to be confronted by the witnesses against him.

■■ Sarver also contends in connection with this point of error that Moore's statement was inadmissible hearsay. The State responds by suggesting that it was admissible as a statement against interest under TEX.R. EVID. 803(24).

Rule 803(24) is an exception to the hearsay rule allowing the admission of a statement that tends to subject the declarant to civil or criminal penalties. The language of the rule does not limit the exception to cases where the defendant is the declarant. *See Bingham v. State,* 987 S.W.2d 54, 56 (Tex.Crim.App.1999). This statement clearly tended to subject Moore to criminal liability, and it was corroborated by other evidence tending to show its trustworthiness. Thus, it was admissible under Rule 803(24).

■■■ Sarver next contends that the trial court erred by denying his requested instruction on independent impulse. In order to authorize an instruction on independent impulse there must be evidence that an accused, though he admittedly intended to participate in some wrongful conduct, did not contemplate the extent of criminal conduct committed by his companions, and thus he should not be held vicariously responsible for their conduct. *Mayfield v. State,* 716 S.W.2d 509, 513 (Tex.Crim.App.1986); *Chavez v. State,* 6 S.W.3d 66, 72 (Tex.App.-San Antonio 1999, pet. ref'd). A charge on independent impulse is an affirmative defensive instruction allowing the jury to acquit the defendant if it finds, or has a reasonable doubt, that the defendant did not and reasonably could not have anticipated the commission of the actual offense. *Mayfield v. State,* 716 S.W.2d at 515–16.

The Court of Criminal Appeals, although approving this instruction, has held that it is not required when the charge actually given to the jury tracks the language of TEX. PEN.CODE ANN. § 7.02 (Vernon 1994) and requires the jury to find that the aggravating felony was one that should have been anticipated as a result of carrying out the conspiracy, thus presenting the

issue of independent impulse to the jury. *Davis v. State*, 651 S.W.2d 787, 792 (Tex. Crim.App.1983); *Chavez v. State*, 6 S.W.3d at 72; *Fincher v. State*, 980 S.W.2d 886 (Tex.App.-Fort Worth 1998, pet. ref'd).

 The jury was instructed that it could convict Sarver only if he should have anticipated that the offense of aggravated robbery would occur as a result of carrying out the conspiracy. The jury was instructed that if it had any doubt that Sarver should have anticipated the additional wrongful act, they should find him not guilty. This adequately set out the defensive theory of independent impulse. The court did not err by refusing to send the additional instruction to the jury.

 Sarver next contends that the court erred by admitting evidence of an extraneous offense or bad act. Daniel Ybanez testified that on July 22, 1998, the day of the robbery, he was riding his bicycle on Golden Forest Street just after 1:00 p.m, when he was accosted by three black males on two bicycles, and that one of the men ordered him to give them his bicycle. Sarver argues that the testimony was improperly admitted because it is evidence of an extraneous offense. We disagree. Ybanez' testimony does not show that Sarver or either of his co-conspirators was involved in the incident. Ybanez could not identify the individuals involved, and the evidence does not indicate how close to the robbery he was or where Golden Forest Street is located. Although the evidence was probably irrelevant, Sarver objected only on the basis that the evidence was an offer of an extraneous offense, so he cannot complain of its lack of relevance.

 Sarver next contends that the court erred by allowing in evidence prejudicial hearsay testimony about identification procedures. Sergeant Mike Rivera testified that the nine-year-old daughter of witness Elizabeth Cisneros was present at a lineup that included Sarver, and that she identified Sarver in the lineup. The daughter did not testify. Sarver objected to the testimony on the basis that it was hearsay and also a violation of his confrontation rights. On appeal, he limits his argument to hearsay.

 The testimony recounted statements by a third party that was offered for the truth of the matter asserted. Thus, the testimony is hearsay, *see* Tex.R. Evid. 801, and there is no exception to the hearsay rule that would allow such a statement to be admitted in evidence. The court erred by admitting the testimony over Sarver's objection. We must decide, however, whether the error is harmful.

 We review this question under Tex.R.App. P. 44.2(b), to see whether the error affected Sarver's substantial rights. A "substantial right" is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). If, on the record as a whole, it appears the error did not influence the jury, or had but a slight effect, we must consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

The testimony about the child's statement was brief and was not repeated. Sarver was positively identified by the child's mother and also by Donald Sparks, and Sarver was eventually arrested in possession of a pistol stolen during the burglary. Indeed, Sarver does not even contend that he was not present at the burglary. He only contends that he could not anticipate the shooting. In this situation, we conclude that the error did not affect Sarver's substantial rights.

The judgment is affirmed.