In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00042-CR


______________________________




JIMMY JACK SANDS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 9915630




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant


Concurring Opinion by Chief Justice Cornelius


O P I N I O N



 Jimmy Jack Sands appeals his conviction by a jury for possession of methamphetamine in
an amount less than one gram. The jury assessed his punishment at two years' confinement.

 Sands was alleged to have been in possession of a syringe containing 0.05 grams of
methamphetamine, which an officer found on Sands during a weapons frisk after the officer stopped
a car in which Sands was a passenger. The record shows the car was registered to Sands. 

 Sands first contends the trial court erred in overruling his motion to suppress, which alleged
that the evidence seized was the fruit of an illegal search. 

 The record shows that Sands filed a pretrial motion to suppress. At a break in the trial, the
trial court held a hearing on Sands's motion. At the end of the hearing, the trial court entertained
argument on the motion from both sides. The trial court then stated, "All right. The Court will carry
your motion along." The trial resumed, and the State presented evidence that the syringe found on
Sands contained 0.05 grams of methamphetamine. Sands did not object to this evidence. In fact,
when the State offered into evidence State's exhibit three, the laboratory report from the Department
of Public Safety, Sands affirmatively stated that he had "no objection" to its admission. 

 Sands contends the trial court's comment indicated that it was overruling his motion and
granting him a running objection to the State's evidence. The trial court never explicitly ruled on
Sands's objection. To preserve this matter for appellate review, Sands should have sought a ruling
and objected to the court's refusal to rule. See Tex. R. App. P. 33.1(a). Failing to do so constituted
a failure to preserve this matter for review.

 This is not a case in which the trial court's subsequent actions clearly addressed the
complaint, thus excusing Sands's need to get an express ruling. See State v. Kelley, 20 S.W.3d 147,
153 n.3 (Tex. App.Texarkana 2000, no pet.). In Rey v. State, 897 S.W.2d 333, 336-37 (Tex. Crim.
App. 1995), the Texas Court of Criminal Appeals held the defendant's motion was "implicitly
overruled" when he twice requested the trial court to make a ruling, later stated that the trial court
had denied his motion, and neither the trial court nor the State corrected his statement. In Chappell
v. State, 850 S.W.2d 508, 509 n.3, 510 (Tex. Crim. App. 1993), the Court of Criminal Appeals held
that the trial court overruled the defendant's objection to the jury shuffle when it granted the State's
motion to shuffle. In Ramirez v. State, 815 S.W.2d 636, 650 (Tex. Crim. App. 1991), the Court of
Criminal Appeals held the trial judge "implicitly overruled" the defendant's objection to the State's
question by directing the witness to answer the question. In Beebe v. State, 811 S.W.2d 604, 605
(Tex. Crim. App. 1991), the Court of Criminal Appeals held the trial court's statement-that it would
attempt to dispose of all pending cases if "humanly possible" in the morning-was sufficient to
preserve error when the defendant requested additional time to prepare for trial after the trial court
denied his motion to quash the indictment.

 In the present case, the trial court affirmatively stated that it was carrying Sands's motion
along. Sands never requested a ruling and never objected further. Rather, he indicated he had "no
objection" when the State offered its evidence. When a defendant challenges the admissibility of
evidence in a hearing outside the jury's presence, but states that he has "no objection" when the
evidence is offered at trial, he has waived his admissibility complaint on appeal. Dean v. State, 749
S.W.2d 80, 83 (Tex. Crim. App. 1988); Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App.
1986); Welch v. State, 993 S.W.2d 690, 694 (Tex. App.San Antonio 1999, no pet.).

 Sands next contends the trial court erred in denying his motion for mistrial, which he based
on the prosecutor asking an improper question. The record shows that the car in which Sands was
riding was stopped in front of 305 Moore Street, which an officer testified was rumored to be an
illegal methamphetamine manufacturing facility. That address was the home of David Bailey; the
driver of the car was James Baxley. On redirect examination, the State asked the officer the
following:

 Q Can you tell us whether or not you also had [sic] rumors about
Mr. Baxley, the driver of the vehicle, and his association with Mr. Bailey?


 A Yes, sir.


 Q Do you know some things about that?


 A Yes.


 Q That they were associates?


 A Yes. Sometimes Mr. Baxley actually stays there at 305 Moore Street
from what I had been told.


 Q Can you tell us whether or not Mr. Baxley and Mr. Bailey currently
have charges pending for manufacture of methamphetamine?


 [DEFENSE ATTORNEY]: Objection, relevance, your
Honor.


 THE COURT: Sustain your objection.


 [DEFENSE ATTORNEY]: May we approach?


 THE COURT: You may.


 (PROCEEDINGS HAD AT THE BENCH ON THE RECORD)


 [DEFENSE ATTORNEY]: Judge, he's putting in front of the
jury another man's extraneous conduct. I have a Motion in Limine on that. We were
going to approach the bench prior to that. I want an instruction as to my Motion in
Limine.


 THE COURT: Sustain the objection.

 Would you like to ask for an instruction to the jury?


 [DEFENSE ATTORNEY]: I would, your Honor, request an
instruction.


 (PROCEEDINGS BEFORE THE JURY)


 THE COURT: Ladies and gentlemen, disregard the last
question and answer and don't consider it for any purpose.

 You may proceed.


 [DEFENSE ATTORNEY]: Your Honor, I don't feel the
instruction is sufficient. I would make a Motion for Mistrial.


 THE COURT: Overruled.


 Sands contends the trial court should have granted him a mistrial after sustaining his
objection to the State's questions regarding pending charges against Bailey and Baxley. (1) We review
a trial court's denial of a mistrial under an abuse of discretion standard. Wood v. State, 18 S.W.3d
642, 648 (Tex. Crim. App. 2000). Mistrial is an extreme remedy, and reviewing courts rarely reverse
a trial court for refusing to grant a mistrial after an improper question. Id. Most often, error from
an improper question can be cured or rendered harmless by its withdrawal or an instruction to
disregard. Id.; Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex. Crim. App. 1990). The exception
occurs in extreme cases where the question is clearly calculated to inflame the minds of the jury and
is of such a character as to suggest the impossibility of withdrawing the impression produced. 
Hernandez, 805 S.W.2d at 414.

 Whether a curative instruction is effective depends on the facts and circumstances of each
case. Wood, 18 S.W.3d at 648. The question is essentially one of balancing the magnitude of the
probable effect of the question on the jury against the probable efficacy of an instruction to disregard. 
Hardin v. State, 20 S.W.3d 84, 93 (Tex. App.Texarkana 2000, pet. ref'd). The greater the
magnitude of effect, the less likely it is that an instruction would cure the harm. Id. Courts weigh
several nonexclusive, nonexhaustive factors in measuring whether an instruction to disregard will
cure the harm of an improper question: (1) the weight of other evidence supporting the verdict; (2)
the nature and form of the question (e.g., whether the question was stated as a fact designed to elicit
specific evidence of a specific extraneous offense or bad act); (3) the State's purpose and persistence
in asking the question; (4) whether other evidence concerning the same subject has been admitted;
(5) the particular instruction given; and (6) the harm to the accused as measured by the severity of
the sentence. Id.

 Here, the trial court did not abuse its discretion in denying Sands's request for a mistrial. The
trial court gave a prompt and thorough instruction that the jury was to disregard the State's question
and not consider it for any purpose. The State did not further pursue questions concerning Bailey
and Baxley's relationship or that they may have had pending charges of manufacturing
methamphetamine. Testimony had already come before the jury concerning the fact that Bailey and
Baxley were associates. 

 Sands next contends the trial court erred in overruling his requested jury charge on mistake 
of fact. (2) The requested jury charge follows the basics of the mistake-of-fact charge in 8 Michael J.
McCormick et al., Texas Practice: Texas Criminal Forms and Trial Manual § 102.03
(10th ed. 1995). 

 Sands testified that he received the syringe from Julie Mason, believing it contained vitamin
B-12; that he had received vitamins and antibiotics from Mason in the past; that he had been sick for
about a month and had been "doing high potency injections of multiple-purpose vitamins"; that he
did not pay any money for the syringe and its contents; and that he has used methamphetamine in
the past, but that Mason had never sold or given him methamphetamine.

 The State contends there was no evidence concerning what Mason told Sands about the
syringe and no evidence showing conduct by Mason on which Sands could have relied to form his
mistaken belief. However, these are matters that go to prove the reasonableness of Sands's belief. 
Reasonableness is a question for the jury. Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App.
1999).

 On appeal, he contends the jury should have been charged on the issue of mistake of fact
because his testimony establishes that he did not have the culpable mental state necessary to be guilty
of possession of methamphetamine. "It is a defense to prosecution that the actor through mistake
formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability
required for commission of the offense." Tex. Pen. Code Ann. § 8.02(a) (Vernon 1994). 

 A defendant is entitled to an instruction on any defensive theory, including mistake of fact,
if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or
contradicted, and regardless of what the trial court may think about the credibility of the evidence. 
Id. The rule is designed to insure that the jury, not the judge, will decide the relative credibility of
the evidence. Id. If the evidence viewed in a light favorable to the appellant does not establish a
mistake of fact defense, an instruction is not required. Id.

 The State relies on Bruno v. State, 845 S.W.2d 910 (Tex. Crim. App. 1993), to support the
trial court's action. In Bruno, the defendant was charged with unauthorized use of a motor vehicle. 
Id. at 911. He testified he had the complainant's permission to use her car; the complainant testified
he did not. Id. The trial court gave the jury a mistake of fact instruction, but the defendant
contended the instruction reduced the State's burden of proof. Id. at 912.

 A three judge plurality of the Texas Court of Criminal Appeals concluded that the charge,
as given, properly placed the burden of proof on the State. Id. The plurality also commented that
the defendant was not entitled to a mistake-of-fact instruction because the jury could not have
decided both (1) that the defendant reasonably believed he had the complainant's permission to use
her car and (2) that the complainant had not given him such permission. Id. at 912-13.

 Bruno is a plurality opinion and therefore is not binding precedent. See Pearson v. State, 994
S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). Also, the comments in the plurality opinion in Bruno are dicta because an instruction
on mistake of fact was given and the issue in the case was whether the charge properly placed the
burden of proof on the State.

 In the more recent case of Granger v. State, the Court of Criminal Appeals, in addressing the
entitlement of the defendant to a mistake-of-fact instruction, does not cite Bruno as precedent. The
concurring opinion in the present case states that Bruno is precedent because six judges concurred
in the result. Concurring in the result does not constitute making the language supporting the
concurring opinion's position the language of the majority, because the appeal in the case was based
on whether the jury charge properly placed the burden of proof on the State, and the holding in the
case was that the jury charge properly placed the burden of proof. A concurrence in the result could
not be considered to support the reasoning of the court. If the three judges concurring had meant to
support the language of the decision, they would not likely have concurred in the result only. The
three other judges, while concurring in a separate opinion that the mistake-of-fact instruction was
unnecessary in the Bruno situation, expressed that the defense of mistake of fact should not be
limited to third-party cases. These justices did not concur in the language of the plurality opinion. 
Thus, the urging of the concurring opinion that this opinion constitutes a majority opinion cannot
be accurate. The concurring opinion cites courts of appeals opinions on the mistake-of-fact
instruction. These opinions would not have the effect of overruling the Texas Court of Criminal
Appeals. The only Court of Criminal Appeals case cited by the concurring opinion is Davis v. State,
651 S.W.2d 787 (Tex. Crim. App. 1983). This is not a mistake-of-fact instruction case.

 Reviewing other Court of Criminal Appeals cases on the mistake-of-fact defense, we do not
find any recent cases that do not require mistake-of-fact instruction when the evidence raises a
mistake-of-fact defense. (3)

 Three of the most recent cases on this subject from the Court of Criminal Appeals involved
theft of an automobile: Gardner v. State, 780 S.W.2d 259 (Tex. Crim. App. 1989); Woodfox v. State,
742 S.W.2d 408 (Tex. Crim. App. 1987); and Lynch v. State, 643 S.W.2d 737 (Tex. Crim. App.
1983). In all of these cases, the Court determined that the defendant was entitled to an instruction
on the mistaken belief of the owner of the vehicle. In the case of Beggs v. State, 597 S.W.2d 375
(Tex. Crim. App. [Panel Op.] 1980), which involved a prosecution for injury to a child, the Court
of Criminal Appeals held that the trial court committed reversible error in not giving the requested
mistake-of-fact charge concerning whether the defendant mistakenly believed the temperature of the
bath water that scalded the child was normal. 

 In the most recent case of Granger v. State, the Court of Criminal Appeals held that where
the defendant testified that he believed the car was unoccupied at the time he fired shots into the car,
killing the victim, the issue should have been determined by the jury after it had been instructed on
mistake of fact. The issue before the Court was whether the trial court properly refused the
instruction because the evidence of his mistaken belief was not reasonable. The Court held that
whether the evidence was reasonable was not a matter for the determination of the trial judge, but
was a decision for the jury.

 Thus, in accordance with the decisions from the Court of Criminal Appeals and the statute
being interpreted, an instruction on the mistake-of-fact defense should be given when evidence
raising the issue of whether the actor formed a reasonable belief about a matter of fact, if his
mistaken belief negated the kind of culpability required for the commission of the offense. Even if
this instruction is repetitive to the required proof that the jury find beyond a reasonable doubt that
Sands intentionally and knowingly committed this required element of the crime, this statute as
interpreted by the Court of Criminal Appeals requires that such an instruction be given to the jury. 
This point is sustained.

 We next address whether the failure to give this instruction was harmful error. The standard
of review for assessing harm from errors in the jury charge depends on whether the defendant made
a timely objection. Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000) (citing Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g)). When the defendant makes a
timely objection, reversal is required if the error causes some harm. Ovalle, 13 S.W.3d at 786. We
must assess the harm in light of the entire jury charge, the state of the evidence, including the
contested issues and the weight of probative evidence, the argument of counsel, and any other
evidence revealed by the record as a whole. Id.

 "The giving of a proper instruction upon timely request and when raised by evidence in the
case simply guarantees the jury the opportunity to make a fully informed decision . . . ." Miller v.
State, 815 S.W.2d 582, 585 (Tex. Crim. App. 1991). The State's case depended on establishing that
Sands had the requisite culpable mental state because the actual presence of methamphetamine in
the syringe was largely uncontested. However, the court's charge includes a requirement of a
culpable mental state for the elements of a crime charged. The requirements of culpability are set
forth in Section 6.02 of the Texas Penal Code, and the definitions of the culpable mental states are
set out in Section 6.03 of the Texas Penal Code. Tex. Pen. Code Ann. §§ 6.02, 6.03 (Vernon 1994).
A person's criminal culpability requires a showing that he or she acted purposefully, knowingly,
recklessly, or negligently as the law may require, with respect to each material element of the
offense. See Black's Law Dictionary 385 (7th ed. 1999).

 Sands's primary defense at trial was his own testimony that he believed the syringe contained
vitamins. The indictment charged that Sands did "intentionally and knowingly possess a controlled
substance, namely, Methamphetamine, in an amount of less than one gram, including any adulterants
and dilutants." (Emphasis added.) In cases where the charge covers the culpable mental state
involving the act, but does not cover attendant circumstances such as the mistaken belief that a third
party who gave consent for use of the vehicle was the owner of the vehicle, failure to give a mistake-of-fact instruction does not directly put forward to the jury the consequences of such a mistake, if
such a mistake exists. Although the Court of Criminal Appeals found in Granger that an instruction
on the mistake-of-fact defense was required, the Court remanded the case to the court of appeals for
application as to whether the appellant suffered harm as a result of the error. In the present case, the
jury came face-to-face with making a decision of whether Sands intentionally and knowingly
possessed methamphetamine. This puts squarely in point the question of whether Sands mistakenly
believed that the contents of the syringe contained vitamins or he intentionally and knowingly
possessed methamphetamine. In this situation, Sands was not denied the right to have the jury 
consider the defense that he raised concerning a mistake-of-fact defense. Therefore, we find that the
failure to submit the requested instruction on mistake of fact was not harmful error. 

 The judgment of the trial court is affirmed.


 Ben Z. Grant

 Justice


CONCURRING OPINION


 I disagree that it was error for the trial court to refuse Sands' requested mistake-of-fact
instruction. The case of Bruno v. State governs this situation and announces what has long been the
rule in Texas. In that case, the Court of Criminal Appeals held that when the charge actually given
to the jury adequately covers the mistake-of-fact issue, and because the language in the charge
actually given the jury must necessarily have found against the defendant's affirmative defense of
mistake-of-fact, a separate instruction on that defensive theory is not necessary. Bruno v. State, 845
S.W.2d 910 (Tex. Crim. App. 1993). The holding in Bruno v. State has been followed and
buttressed by other cases such as Traylor v. State, 43 S.W.3d 725 (Tex. App.-Beaumont 2001, no
pet. h.), and our own case of Sarver v. State, 24 S.W.3d 448 (Tex. App.- Texarkana 2000, pet. ref'd). 
See also Davis v. State, 651 S.W.2d 787 (Tex. Crim. App. 1983). Moreover, I do not agree that
Bruno v. State is without precedential value on this issue. Three judges of the Court of Criminal
Appeals joined in the opinion in Bruno v. State, three judges concurred, and three other judges
concurred in the result. In fact, Judges Baird, Miller, and Meyers expressly noted that it was not
necessary to give the mistake-of-fact instruction in that case. The trial court's refusal to give the
mistake-of-fact instruction in that case was a critical issue, and if the court had found that issue in
favor of the defendant, the case would have been reversed. The Court did not reverse the case. I
believe we should follow the Court of Criminal Appeals' holding in Bruno v. State. I also believe
we should follow our own decision in Sarver v. State, 24 S.W.3d 448, and the decisions in Davis v.
State, 651 S.W.2d 787, and Traylor v. State, 43 S.W.3d 725.

 In this case, the jury was instructed that in order to convict Sands, it must find that he
intentionally or knowingly possessed the methamphetamine, and if it did not so find, it must acquit
him. The charge also defined "intentionally" and "knowingly." Thus, the charge given adequately
instructed the jury on Sands' affirmative defense of mistake of fact. The jury could not have believed
Sands' testimony and also have found him guilty under the charge as given. Therefore, a charge on
mistake of fact was not necessary. Bruno v. State, 845 S.W.2d 910.

 Even if the trial court should have given the mistake-of-fact instruction, the error is clearly
harmless because the issue of Sands' culpable mental state was submitted to the jury in the court's
main charge. The jury thus ruled on Sands' affirmative defense.

 Because the majority finds any error to be harmless, I concur in the result.



 William J. Cornelius

 Chief Justice


Date Submitted: July 24, 2001

Date Decided: November 12, 2001


Publish
1. Later, the State presented evidence that an inventory search of Sands's car revealed three
boxes of antihistamine tablets, which a Department of Public Safety chemist testified are used in the
manufacture of methamphetamine. Sands objected to this testimony based on relevance, but the trial
court overruled his objection. On appeal, Sands contends this evidence was also meant to portray
him as a manufacturer of methamphetamine. However, he does not contend the trial court erred in
overruling his objection regarding the relevance of the inventory search. Therefore, to the extent
Sands complains about the State's conduct in pursuing these questions, it cannot be said that the State
engaged in improper questioning, because the trial court clearly allowed its questions about the
inventory search.
2. Sands's requested charge read as follows:


 You are instructed that it is a defense to prosecution that a person through mistake
formed a reasonable belief about a matter of fact if his mistaken belief negated the
kind of culpability required for commission of the offense.


 A reasonable belief means a belief that would be held by an ordinary and
prudent man in the same circumstances as the defendant.


 So, if you find from the evidence in this case that at the time defendant was
in possession of the methamphetamine in question he acted under a mistake of fact,
that is, a reasonable belief that it was not methamphetamine, or if you have a
reasonable doubt thereof, you will find the defendant not guilty. 
3. There are a number of courts of appeals opinions discussing when this instruction should
be given to the jury. Some of these opinions suggest that the Legislature in Section 8.02 of the Penal
Code did not intend to require a useless act by instructing a jury a second time on the elements of
the offense that are required to be found for a conviction. Tex. Pen. Code Ann. § 8.02 (Vernon
1994). These opinions suggest that if the issue raised in the requested instruction for a mistake of
fact involves the same element that the State is required to prove beyond a reasonable doubt as an
element of the crime, then an additional instruction on that matter is not necessary, but when a
defense to the prosecution arises that does not constitute an element of the offense, a mistake-of-fact
instruction should be given to the jury. See Traylor v. State, 43 S.W.3d 725 (Tex. App.-Beaumont
2001, no pet. h.); Bertrand v. State, 22 S.W.3d 660 (Tex. App.-Amarillo 2000, pet. ref'd). An
example of this situation would be a case charging theft of an automobile when the indictment
alleges that the defendant did not have permission of the true owner who is named in the indictment,
and while this element is true, the defendant raises the defense that he believed someone else from
whom he had permission to be the rightful owner of the vehicle.