**Opinion issued October 30, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00030-CR

———————————

**JOSEPH LEONEL RIVERA,[1] Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Co. Crim. Ct. at Law No. 10
Harris County, Texas
Trial Court Case No. 2359037

## MEMORANDUM OPINION

---

[1]    The complaint and other documents in the record incorrectly referred to Appellant as Joseph Leonel *Rivas*. The trial court granted the State's request to change the name on the record to Joseph Leonel Rivera and issued an order to implement this change.

A jury found Appellant Joseph Rivera guilty of evading arrest.[2] In his sole issue on appeal, Rivera argues that a comment by the trial judge before the start of trial violated his statutory and constitutional rights. It did not. We thus affirm.

## BACKGROUND

### *Trial Judge's Comment*

Rivera complains about the following comment that the trial judge made, before Rivera's arraignment, while instructing the jury on their duties and rules to follow:

> So you're under the instructions that even when you're in the break you're not to be talking about the case and any of the evidence. You have to save that until the very end, until I give you your instructions.
>
> *Now, I don't think this -- this is not going to be a big controversial case or anything, not in my opinion*, but I do have to tell you that you are not to do any investigations or anything on your own. Don't Google anything. Don't pull out maps. Don't -- anything. The only evidence that you must hear and should be presented is what is presented here in open court so that both sides have an opportunity to question the witnesses and to make objections.

## DISCUSSION

On appeal, Rivera argues that reversal is required because, he asserts, the trial judge's comment violated Code of Criminal Procedure Article 38.05 and impugned his presumption of innocence. We disagree.

---

[2]     *See* TEX. PENAL CODE § 38.04.

## A.    Rivera is not entitled to reversal under Article 38.05.

"Article 38.05 forbids a trial judge from making, 'at any stage of the proceeding previous to the return of the verdict, any remark calculated to convey to the jury his opinion of the case.'" *Irsan v. State*, 708 S.W.3d 584, 606 (Tex. Crim. App. 2025) (cleaned up) (quoting TEX. CODE CRIM. PROC. art. 38.05).

"To establish that a trial judge violated Article 38.05, the claimant must show that the judge made a remark in front of the jury that was reasonably calculated to benefit the State or prejudice the defendant's rights." *Id.* (cleaned up). "Reasonably calculated" in this context "implies that the jury understands the comment to either endorse the State's position or undercut" the defendant's arguments. *Kim v. State*, 331 S.W.3d 156, 161 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

Beyond this, "the claimant must [also] show that the violation was harmful, that is, he must show that it affected his 'substantial rights.'" *Irsan*, 708 S.W.3d at 606; *see Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017) (violations of Article 38.05 are subject to the standard of harm for non-constitutional error under TEX. R. APP. P. 44.2(b), which requires courts to disregard such violations unless they "affect substantial rights"). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

For example, "a judge cannot tell a jury during guilt-innocence that it would reach the punishment phase the next day because the only reasonable inference for the jury is that the defendant's guilt had been established in the judge's mind." *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003). A judge likewise may not shift the burden of proof—beyond a reasonable doubt—such as by telling the venire that the State would meet its burden when "just the nose of [the football]" was "over the 50-yard line" by "just that little, tiny bit." *Tuazon v. State*, 661 S.W.3d 178, 189, 192, 194 (Tex. App.—Dallas 2023, no pet.) (internal quotation marks omitted).

On the other hand, a trial judge's comments do not require reversal if they do not imply the defendant's guilt or innocence, are not prejudicial to the defendant or beneficial to the State, or are unrelated to the facts and circumstances of the case. *See, e.g.*, *Davis v. State*, 651 S.W.2d 787, 789–90 (Tex. Crim. App. 1983) (trial judge's comment to venire that, if jury did not follow court's instructions, case would have to be tried over again—though not proper—was not reversible error); *Gonzales v. State*, 499 S.W.3d 502, 507 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); (trial judge's comments and questions to jurors to determine whether defendant had engaged in prohibited contact with jurors during recess—while "ill-advised"—did not taint defendant's presumption of innocence because comments

"did not indicate that [defendant] was guilty of the charged crime . . . or apply to the specific facts of the case").

Applying that settled law, this record reflects no reversible error. Even if we were to assume for these purposes that the comment at issue violated Article 38.05, reversal is still not required because the comment did not have "a substantial and injurious effect or influence in determining the jury's verdict." *King*, 953 S.W.2d at 271; *see also Irsan*, 708 S.W.3d at 606.

Indeed, the trial judge made the comment before the start of trial, while the judge instructed the members of the jury on their duties and rules to follow, including to avoid outside investigation or research. The record shows the judge instructed the jury at length on the presumption of innocence. The record likewise shows that no juror stated he or she could not presume Rivera's innocence. Plus, the jury charge instructed on the burden of proof. *See Irsan*, 708 S.W.3d at 605–07.

The Court of Criminal Appeals's recent decision in *Irsan* is instructive. That case also involved a judge's pretrial comment made while instructing a venire panel not to conduct any independent research about the case. *Id.* at 605. There, the trial judge told a venire panel that the case—a high publicity capital murder—"was unsolved for a couple of years. And then when it was solved, there was more publicity about it." *Id.* (internal quotation marks omitted). On appeal, the defendant argued that, by telling the jury the case had been "solved," the trial judge conveyed

a belief he was guilty. *Id.* at 604–05. But the Court concluded that any error in "the trial judge's off-the-cuff remark" would not warrant reversal because the venire members were properly instructed on the presumption of innocence and said they could follow the law on the presumption of innocence. *See id.* at 606–07.

The same applies here. In fact, here, the trial judge's comment was far less pointed than the comment in *Irsan*. *See id.* at 605; TEX. R. APP. P. 44.2(b).

**B.** **Rivera has similarly not shown that the trial judge's comment impugned his presumption of innocence.**

"The United States Constitution prohibits a trial judge from making a comment in front of the jury that effectively destroys a defendant's constitutional presumption of innocence." *Irsan*, 708 S.W.3d at 607 (cleaned up).

Rivera argues that the same comment addressed above impugned his presumption of innocence, requiring reversal. We disagree.

*Irsan* is again on point. There, the Court held that the same reasons that rendered any violation of Article 38.05 harmless made any alleged error harmless for this purpose as well. *See id.* ("The comment was brief, the trial judge later emphasized the importance of the presumption of innocence, and none of the [affected] veniremembers spoke up when the trial judge asked whether they 'could not give [the defendant] that all-important presumption of innocence.'").

So too here. The trial judge's comment, viewed in context, was brief and did not express any position on guilt or innocence. Additionally, the judge instructed the

jury on the presumption of innocence both before and after the comment. And no juror stated that he or she could not presume Rivera's innocence.

## CONCLUSION

We affirm the judgment of the trial court.


Jennifer Caughey
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).

7